FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 30, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BLUELINE EQUIPMENT CO., LLC, | No. 1:24-CV-03206-RLP |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| RDO EQUIPMENT CO., | |
| Defendant. | |

Before the Court is Defendant RDO Equipment's Motion to Dismiss or Transfer Complaint, ECF No. 14. Plaintiff Blueline Equipment Co., LLC ("Blueline") is represented by James Bush, Shawn Q. Butler, and Jacquelyn A. Beatty. Defendant RDO Equipment Co. ("RDO") is represented by Sean A. Russel and Stephen Y. Ma. The matter was submitted to the Court without oral argument.

The parties are involved in a contract dispute which has spawned two competing lawsuits. Blueline initiated the instant declaratory judgment action first, with RDO then filing a second suit in California state court. Because this suit poses

ORDER GRANTING MOTION TO DISMISS * 1

a risk of duplicative litigation and would needlessly require the determination of issues of state law, RDO's Motion to Dismiss is granted.

## BACKGROUND

Blueline is a Yakima-based dealer of agricultural equipment and parts. ECF Nos. 1 at 2; 20, ¶2. In January 2016, Blueline entered into a "Dealer Agreement" with RDO for the latter to become a sub-dealer of equipment and parts for RDO's retail locations in California. ECF Nos. 15, ¶3; 20, ¶5. Under the Dealer Agreement, RDO was to purchase equipment and parts from Blueline, which would be shipped to RDO dealers in California. ECF No. 15, ¶3. The Dealer Agreement included a Washington choice-of-law clause. ECF No. 16-1 at 14.

On October 11, 2022, RDO terminated the Dealer Agreement, and demanded Blueline repurchase the parts it had bought and retrieve them from California. *Id*. at 16. On December 4, 2024, RDO sent Blueline a final demand letter giving the latter 10 days to answer and threatening that RDO would file a lawsuit against Blueline if its demands were not met. ECF No. 22, ¶5.

Blueline then filed the instant action for declaratory relief on December 13, 2024. ECF No. 1. In its Complaint, Blueline alleges RDO reached its own agreement with the equipment manufacturer to distribute parts in California, and subsequently terminated the Dealer Agreement. *Id*. at 2. Blueline's Complaint asks the Court to determine whether, under either Washington or California law,

ORDER GRANTING MOTION TO DISMISS \* 2

1  Blueline was obligated to repurchase the parts, whether RDO had good cause to
2  terminate the Dealer Agreement, and a declaration that RDO has not proven
3  Blueline supplied all the parts it seeks to be repurchased. *Id*. at 3.
4     RDO filed its own lawsuit against Blueline in California state court on May
5  5, 2025. ECF No. 16-1 at 1-13. RDO alleged it terminated the Dealer Agreement
6  because of Blueline's unjustified delays in distributing parts to RDO. *Id*. at 7. RDO
7  also alleges the existence of a subsequent agreement between the parties for
8  Blueline to repurchase and retrieve parts, which it claims Blueline breached. *Id*.
9  RDO asserts in its complaint that the Dealer Agreement's Washington choice-of-
10 law clause is void under the California Fair Practices of Equipment Manufacturers,
11 Distributors, Wholesalers, and Dealers Act (CEDA), Cal. Bus. Prof. Code § 22927.
12 *Id*. at 8-9. RDO's complaint asserts causes of action for breach of contract, breach
13 of the implied covenant of good faith and fair dealing, and violation of the CEDA.
14 *Id*. at 9-11.

15                                    DISCUSSION

16     RDO contends this Court should decline to exercise subject matter
17 jurisdiction over this declaratory judgment action and dismiss it, as this suit
18 concerns issues of state law, is duplicative, and constitutes forum shopping.
19 Blueline contends this Court can settle all aspects of the controversy and denies it
20 engaged in forum shopping.

ORDER GRANTING MOTION TO DISMISS * 3

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "Based on the permissive nature of the Declaratory Judgment Act . . . a district court has discretion to dismiss a federal declaratory judgment action when 'the questions in controversy . . . can better be settled in' a pending state court proceeding." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011) (quoting *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 495, 62 S.Ct. 1173 (1942); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288-89, 115 S.Ct. 2137 (1995) (district courts have discretion to exercise jurisdiction over a declaratory judgment action).

"In determining whether to exercise its jurisdiction, the Court should consider the following [*Brillhart*] factors: (1) the avoidance of needless determinations of state law issues; (2) discouragement of forum shopping; and (3) avoidance of duplicative litigation." *Mid-Century Ins. Co. v. Zanco*, 456 F. Supp. 3d 1213, 1219 (E.D. Wash. 2020) (citing *Brillhart*, 316 U.S. at 495). "A federal court should not exercise its discretion to grant declaratory relief where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id*. (internal quotation marks omitted).

ORDER GRANTING MOTION TO DISMISS * 4

*Avoidance of Needless Determination of State Law*

Where a declaratory judgment action presents no compelling federal interest, such as a case where the sole basis of jurisdiction is diversity of citizenship, the first *Brillhart* factor favors dismissal. *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled on other grounds by Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998). District courts appropriately avoid determining state law where parallel state and federal cases raise the same "precise state law issues," and state law provides the rule of decision. *Id*. However, "differences in factual and legal issues between the state and federal court proceedings are not dispositive." *Polido v. State Farm Mut. Auto. Ins.*, 110 F.3d 1418, 1423 (9th Cir. 1997), *overruled on other grounds by Dizol*, 133 F.3d 1220.

The instant case does not present a compelling federal interest. The sole basis of jurisdiction in this case is diversity of citizenship, and Blueline does not ask the Court to interpret or apply federal law. While the state and federal cases do not raise the same "precise state law issues," this is because the parties dispute what state's law applies. To resolve that question the Court must determine whether the CEDA, a California statute, can override a contractual choice-of-law clause. Blueline itself suggests that a determination of California public policy will be necessary to resolve RDO's argument. ECF No. 19 at 17. Once the question of which state law applies is determined, the parties agree that the remaining issues in

ORDER GRANTING MOTION TO DISMISS * 5

both suits will be resolved pursuant to the applicable state law.

As this case requires the Court to resolve issues of state law and public policy, the first *Brillhart* factor favors dismissal. *See also Inari Med., Inc. v. McCaskey*, 733 F. Supp. 3d 998, 1004 (D. Or. 2024).

*Discouragement of Forum Shopping*

"[F]ederal courts should generally decline to entertain reactive declaratory actions." *Dizol*, 133 F.3d at 1225. This factor is used to prevent parties from "filing a federal court declaratory action to see if it might fare better in federal court at the same time the [party] is engaged in a state court action." *Am. Cas. Co. of Reading, Pennsylvania v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999). While "courts generally give preference to the first-filed case among concurrent federal court proceedings . . . [t]iming is only one consideration when deciding to entertain a declaratory judgment action." *R.R. St.*, 656 F.3d at 976.

This case does not present a strong indication of forum shopping. The parties' dispute dates back over two years prior to the filing of this federal declaratory judgment action, and Blueline filed its Complaint in this Court two weeks after receiving a threat from RDO that "if [its] demand[s were] not met, RDO would institute legal action against Blueline." ECF No. 22, ¶5. While this suggests Blueline's decision to initiate the instant declaratory action was reactive to a legal threat, there is no evidence that RDO threatened to immediately file suit,

or file suit in California, if Blueline did not accede to RDO's demands. Indeed, RDO did not file suit in California until almost five months after this action began. As this dispute had spanned out for over two years without a lawsuit by the time RDO issued its final demand, Blueline could have easily interpreted the demand as an empty or non-imminent threat, and calculated it had to respond with legal action of its own. In other words, while this suit may have been reactive, it was not clearly pre-emptive.

As there are no strong indications of forum shopping in this case, the second *Brillhart* factor does not favor dismissal.

*Avoidance of Duplicative Litigation*

The third *Brillhart* factor concerns whether the issues in the federal declaratory judgment case could be addressed in the state proceeding. *Robsac*, 947 F.2d at 1373. "[T]he dispositive question is not whether the pending state proceeding is 'parallel,' but rather, whether there was a procedural vehicle available to the [defendant] in state court to resolve the issues raised in the action filed in federal court." *Polido*, 110 F.3d at 1423.

This case threatens duplicative litigation. Both suits request resolution of the legal issues surrounding the parties' contract dispute, including Blueline's obligation to repurchase goods. However, the instant suit merely involves a determination of the parties' obligations and liability, not relief on the merits.

ORDER GRANTING MOTION TO DISMISS * 7

Should this Court retain jurisdiction, and Blueline ultimately found to be obligated to repurchase the goods, further litigation may be required for RDO to obtain relief.

As to the issues raised in this suit, Blueline may argue Washington law applies to the dispute per the Dealer Agreement's choice-of-law provision in the California action. Should the California court determine that Washington law applies, there is no reason to believe it cannot then apply Washington law to determine the parties' rights and obligations under the Dealer Agreement.

That Blueline filed this action first is not dispositive. *See also Inari*, 733 F. Supp. 3d at 1004-05. The fact that Blueline may obtain resolution of the issues it presents in this action in the California suit means the third *Brillhart* factor favors dismissal.

*Other Factors*

The *Brillhart* factors are not exhaustive. *Dizol*, 133 F.3d at 1225 n.5. Other considerations include "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems." *Id*. (quoting *Am. States Ins., Co. v.*

ORDER GRANTING MOTION TO DISMISS * 8

|

*Kearns*, 15 F.3d 142, 145 (9th Cir. 1994) (J. Garth, concurring)).

Blueline contends the Court should not dismiss this suit, as this action will settle all aspects of the controversy and clarify the legal relations currently at issue. To the contrary, RDO correctly points out that if Blueline does not succeed on all its claims, further litigation may be required for RDO to obtain relief for any breach of contract. RDO's California action also asserts a claim for relief under the CEDA, which Blueline does not raise in its Complaint here. Thus, this action will not settle all aspects of the parties' controversy. This factor strongly supports dismissal.

Furthermore, the Ninth Circuit has held that having federal courts needlessly determine issues of state law raises concerns of federalism. *Budget Rent-A-Car v. Crawford*, 108 F.3d 1075, 1081 (9th Cir. 1997), *overruled on other grounds by Dizol*, 133 F.3d 1220. As discussed above, resolution of this case will require determination of issues of California state law and policy. Thus, this case presents a risk of entanglement between the federal and state court systems.

Finally, Blueline contends its suit was not filed for the purpose of procedural fencing or to obtain a res judicata advantage. While this may be true, this factor is largely duplicative of the above-discussed *Brillhart* factor for the discouragement of forum shopping.

//

ORDER GRANTING MOTION TO DISMISS * 9

*Analysis*

On the balance, the *Brillhart* factors support dismissal. While there is no strong indication of forum shopping, the other two factors strongly support dismissal. There exists a significant risk of duplicative litigation, as both the federal declaratory judgment and California state law actions require resolution of the merits of the parties' contract dispute. The determinations of state law Blueline seeks from this Court can just as readily be obtained from a California court. Furthermore, to resolve this case the Court would have to determine issues of state law exclusively. For these reasons, the Court declines to exercise jurisdiction over this case and grants RDO's motion to dismiss.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant RDO Equipment Co.'s Motion to Dismiss or Transfer Complaint, **ECF No. 14,** is **GRANTED**.

2. All of Plaintiff's claims against all Defendants are **DISMISSED** with prejudice.

3. The Clerk is directed to enter judgment for the Defendants.

//

//

ORDER GRANTING MOTION TO DISMISS * 10

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, close the file, and provide copies to the parties.

DATED June 30, 2025.

_____
REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE